IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

COURTNEY R. LOGAN, ET AL.                                    PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:21-cv-35-DPJ-FKB

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, ET AL.                                         DEFENDANTS

## REPORT AND RECOMMENDATION

### I.  Introduction

Plaintiff Courtney R. Logan is a convicted prisoner incarcerated with the Tennessee

Department of Correction at the Hardeman County Correctional Facility, Whiteville, Tennessee.

This action, brought pursuant to 42 U.S.C. § 1983, is yet another in a long line of lawsuits[1]

brought by Logan in federal and state courts located in Tennessee and Mississippi that attack his

extradition between the states for crimes he committed in both jurisdictions.[2]  This is Logan's

third attempt in this Court to challenge an extradition under § 1983.  *See Logan v. Barbour*, No.

5:17-cv-119-KS-MTP (S.D. Miss. October 17, 2017)(denying *in forma pauperis* status under 28

U.S.C. § 1915(g) and dismissing case without prejudice; challenging his 2011 extradition from

Tennessee to Mississippi for trial on state charges); *Logan v. Epps*, No. 5:13-cv-220-KS-MTP

(S.D. Miss. Jan. 10, 2014)(denying *in forma pauperis* status under § 1915(g) and dismissing case

---

[1] *See Logan v. State*, 311 So.3d 724 (Miss. Ct. App. 2021), for a concise discussion of some of Logan's challenges to his extraditions.  His many challenges to his convictions, however, are another matter, and will not be recounted here.

[2] Logan is serving a 31-year sentence in the State of Tennessee resulting from convictions for attempted first-degree murder and possession of a firearm by a convicted felon.  *See State v. Logan*, No. M2014-01687-CCA-R3-CD, 2015 WL 5883187, at *1 (Tenn. Crim. App. Oct. 8, 2015), perm. app denied (Tenn. Feb 18, 2016).  Logan also has seven life-sentences to serve in Mississippi for five counts of kidnapping, one count of aiding a prisoner to escape, and one count of possession of a firearm by a convicted felon.  *See Logan v. State*, 192 So. 3d 1012, 1015 (Miss. Ct. App. 2015).

without prejudice; challenging his extradition from Tennessee to Mississippi, his 2012 convictions in Leflore County, Mississippi, and his subsequent custodial classification).

The Court initially dismissed the action because Logan has three "strikes" pursuant to 28 U.S.C. § 1915(g), and he failed to demonstrate that he was in "imminent danger of serious physical injury."[3] *See* [5], [6]. Undeterred, Logan paid the filing fee, and the case proceeded. Of the many named Defendants served by mail in this case, only Ricky Banks, the Sheriff of Leflore County, Mississippi, has filed a responsive pleading, moving for dismissal on several grounds. *See* [21], [22]. Logan has made several filings in response, *see* [23], [24], [25], [27], and Banks has filed a reply [28]. After considering the complaint, the motion to dismiss, and related filings, the undersigned recommends that this action be dismissed as frivolous for failure to state a claim. Accordingly, the undersigned also recommends that Plaintiff's Motion Seeking Restraining Order [30] be denied as moot.

## II.  Claims

In this action, Plaintiff, who is currently imprisoned in Tennessee, challenges his November 23, 2017 extradition and transfer from Mississippi custody to Tennessee authorities to serve his Tennessee sentences. [1] at 12-14. He argues that Defendants interfered with his right to challenge extradition from Mississippi to Tennessee through a habeas corpus hearing prior to his extradition to Tennessee. *Id.* at 14. He argues that the extradition violated his rights under

---

[3] The Fifth Circuit Court of Appeals has entered two orders warning Logan that filing "frivolous or repetitive filings challenging his extradition could subject him to sanctions." *In re Logan*, No. 21-60156, 3 (5th Cir. May 5, 2021)(citing *In re Logan*, No. 15-60658, 1-2 (5th Cir. Nov. 20, 2015)). The May 2021 order further stated that "Logan is again WARNED that any future frivolous, repetitive, or otherwise abusive filings in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction." *Id.* at 3.

2

the First Amendment, the Due Process clause, the Sixth Amendment, Article 4 of the Constitution, and various cases. *Id.* at 12-13.[4]

Defendants, named in their individual and official capacities, are the unnamed Commissioner of the Mississippi Department of Corrections ("MDOC"); John Doe, Warden of the Wilkinson County Correctional Facility; Trina Burris of MDOC; Haley Barbour, former Governor of the State of Mississippi; Timothy Jones, Office of the District Attorney, Greenwood, Mississippi; Ricky Banks, Sheriff of Leflore County, Mississippi; and John Zimmerman, Rutherford County District Attorney's Office, Murfreesboro, Tennessee. *Id.* at 3-4. As stated previously, only Defendant Banks has responded to the complaint.

### III. Relevant Standards

Banks has moved for dismissal under Rule 12(b)(6) and (c) of the Federal Rules of Civil Procedure, arguing that Plaintiff has failed to state a claim upon which relief can be granted and that this matter is frivolous. Moreover, although Plaintiff has paid the filing fee, the Court has the power to screen his complaint under 28 U.S.C. § 1915A, as he is incarcerated. Section 1915A provides that "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." 28 U.S.C. § 1915A(a). The statute mandates that the "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

---

[4] Also named as Plaintiffs are Raymonda Young and Cornelius Logan. Young and Cornelius Logan failed to sign the complaint and failed to give their addresses. Other than including their names in the style of the complaint, Plaintiff Courtney Logan does not otherwise mention them or any claims they are allegedly asserting in the body of the complaint. Plaintiff Courtney Logan is not a lawyer and, therefore, cannot sign a complaint on their behalf. *See* Miss. Code Ann. §§ 73-3-55 (criminal statute prohibiting the unlicensed practice of law), 97-23-43 (providing the criminal penalties for unlicensed practice of law). Accordingly, Young's and Cornelius Logan's claims are not before the Court.

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune to such relief." *Id.* at § 1915(b).

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 556).

"It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)(quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). Although Plaintiff is proceeding *pro se*, "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice.'" *Id.* (quoting *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

## IV.  Discussion

Logan argues that Defendant Banks played a role in his extradition from Tennessee to Leflore County, Mississippi in June 2011 so that Logan could stand trial for his Mississippi offenses. *See* [1] at 9, 10. Logan does not allege that Banks played a role in his subsequent transfer back to Tennessee in 2017, for which Logan also asserts claims in this action. *See id.* at 13-14. Banks argues several grounds for dismissal, including *res judicata*, which "bars the

litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

Indeed, the United States District Court for the Northern District of Mississippi has previously dismissed Logan's § 1983 claims against Banks and other Mississippi authorities related to the propriety of Logan's extradition from Tennessee to Mississippi in 2011. *Logan v. Banks*, No. 4:13-cv-89-SA-SAA, 2014 WL 5715432 (N.D. Miss. Nov. 5, 2014). In that action, the court found that "the actual transfer of Logan to Mississippi extinguished any claims regarding the propriety of his extradition." *Id.* at *2. Logan's claims are based on Banks's acts related to Logan's 2011 extradition from Tennessee to Mississippi and are squarely addressed by the Northern District of Mississippi's opinion in *Logan v. Banks*, 2014 WL 5715432. Accordingly, the undersigned recommends that Logan's claims against Banks be dismissed for failure to state a claim, based on the doctrine of *res judicata. See also Owens v. Mason*, No. 3:18-cv-200-DPJ-FKB, 2018 WL 6580509 (S.D. Miss. Dec. 13, 2018)(reiterating the four elements of *res judicata*: (1) privity of parties; (2) prior judgment entered by court of competent jurisdiction; (3) prior action concluded by final judgment on the merits; (4) same claim or cause of action involved in both actions).

Moreover, the undersigned recommends that this action be dismissed in its entirety for lack of subject matter jurisdiction under the *Rooker-Feldman*[5] doctrine, which "bars lower federal courts from 'exercising appellate jurisdiction over final state-court judgments.'" *Illinois Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012). Logan's post-conviction relief challenge

---

[5] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "[L]ower federal courts lack jurisdiction to review state court judgments when constitutional claims are 'inextricably intertwined' with the challenged state court judgment." *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003).

to his extradition from Tennessee to Mississippi was dismissed as moot because he was no longer in Mississippi's custody after his 2017 return to Tennessee. *See Logan v. State*, No. 2018-CP-01234-COA, 300 So. 3d 1040 (Miss. Ct. App. 2020). Thereafter, Logan mounted a constitutional challenge to his November 2017 extradition from Mississippi to Tennessee in the Mississippi courts. The Mississippi Court of Appeals found that Logan's claims in that action were "extinguished" or "moot," thus the "legality of his extradition [was] no longer subject to legal attack." *Logan*, 311 So. 3d at 726. Because Logan's claims in this action are "inextricably intertwined" with the foregoing state court judgments, and Logan is simply recasting his claims as a § 1983 civil rights action, the *Rooker-Feldman* doctrine dictates that this matter must be dismissed. *See United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)("A federal complainant cannot circumvent [the *Rooker/Feldman*] jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief."). Therefore, the undersigned recommends that this action be dismissed for lack of jurisdiction. *Id.* Because the undersigned recommends dismissal on the foregoing grounds, the Court declines to address other grounds for dismissal urged by Defendant Banks.

### III.  Conclusion

For the reasons discussed in this Report and Recommendation, the undersigned recommends that the Motion to Dismiss [21] filed by Defendant Banks be granted, and that Plaintiff's claims against Banks be dismissed. Furthermore, the undersigned recommends that this action be dismissed in its entirety for lack of subject matter jurisdiction. Accordingly, the undersigned also recommends that Plaintiff's Motion Seeking Restraining Order [30] be denied as moot.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of January, 2022.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE