UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

COURTNEY R. LOGAN                                                                                          PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:21-CV-35-DPJ-FKB

MISSISSIPPI DEPARTMENT OF                                                                         DEFENDANTS
CORRECTIONS, ET AL.

ORDER

Plaintiff Courtney R. Logan is currently incarcerated with the Tennessee Department of Corrections. He brings this suit under 42 U.S.C. § 1983, claiming that Defendants violated his constitutional rights by extraditing him from Mississippi to Tennessee without a hearing. United States Magistrate Judge F. Keith Ball recommends granting Defendant Ricky Banks's Motion to Dismiss [21] and otherwise dismissing the entire case. *See* R&R [36] at 1. Having fully considered the premises, this Court agrees.

I.      Background

As Judge Ball observed in his Report and Recommendation [36], this § 1983 action "is yet another in a long line of lawsuits brought by Logan in federal court and state courts located in Tennessee and Mississippi that attack his extradition between the states for crimes committed in both jurisdictions." R&R [36] at 1. Following his conviction in Tennessee, Logan was first extradited to Mississippi in 2011. After his conviction in Mississippi, he was returned to Tennessee on November 23, 2017.

Approximately one year before he was extradited to Tennessee, Logan filed a motion in state court protesting his incarceration in Mississippi and praying for extradition to Tennessee. The state court denied that motion in August 2017, and Logan filed a motion to amend, again pressing for extradition to Tennessee. While that motion to amend was pending, Mississippi

returned Logan to Tennessee—as Logan requested.  After extradition, he filed a "show-cause" motion in Mississippi state court disputing the return to Tennessee because he was not given a pre-extradition hearing and had not, according to him, waived extradition.  The state court denied that motion, and the Mississippi Court of Appeals affirmed.  *See Logan v. State*, 311 So. 3d 724, 726 (Miss. Ct. App. 2021).

In this lawsuit, Logan again challenges his extraditions, naming as defendants the Mississippi Department of Corrections; former Governor Haley Barbour; Timothy Jones, an assistant Mississippi district attorney; John Zimmermann, an assistant district attorney from Tennessee; MDOC officer Trina Burris; and Leflore County Sheriff Ricky Banks.  *See* Compl. [1] at 1.  It is not entirely clear, however, whether he sues Defendants based on both extraditions or just the 2017 extradition from Mississippi to Tennessee.  In his Complaint, Logan plainly states:  "Defendants interfered with plaintiffs right to challenge his extradition through a habeas corpus hearing, prior to plaintiffs extradition to the state of Tennessee [sic]."  Compl. [1] at 14 (citing *Crumley v. Snead*, 620 F.2d 481 (5th Cir. 1980)).  But Logan also factually explores the 2011 extradition from Tennessee to Mississippi and at times seems to suggest that he is pursuing claims related to both extraditions.  *See, e.g.*, *id.* at 15 (stating that "[t]here has never been a court proceeding in which Plaintiff has been afforded his right to challenge his extradition to and from each sister state").

Not surprisingly, Judge Ball liberally construed the Complaint as seeking relief based on both the 2011 and 2017 extraditions.  He then recommended granting Defendant Banks's Motion to Dismiss [21] as to all claims against him and dismissing all remaining claims.  *See generally* R&R [37].  Logan filed an objection.  Obj. [37].

II.     Analysis

    A.     2011 Extradition

Judge Ball concluded that res judicata bars any claims against Banks related to the 2011 extradition because Logan brought these same claims against Banks in the United States District Court for the Northern District of Mississippi. *See Logan v. Banks* (*Banks I*) No. 4:13-CV-89-SA-SAA, 2014 WL 5715432, *2 (N.D. Miss. Nov. 5, 2014). As noted, it was not entirely clear from his Complaint whether Logan intended to reassert his 2011 claims in this case. But his objection to the Report and Recommendation indicates that 2011 is not the basis of his current claims. First, he argues that the 2014 *Banks I* holding is not a final judgment for res judicata purposes because "[t]he current Complaint . . . alleges that Sheriff Ricky Banks . . . failed to afford plaintiff his right to challenge his extradition prior to his illegal transfer to the custody of the Tennessee Department of Corrections" in 2017. Obj. [37] at 2. He later says the issues are different because *Banks I* related to the 2011 extradition whereas "[t]he acts complained of by plaintiff occurred on 11-23-2017." *Id.* at 5.

Logan therefore appears to have clarified his Complaint and limited his claims to the extradition in 2017. Any claims related to 2011 that might be inferred from the Complaint are deemed abandoned. If, however, he still pursues claims related to the 2011 extradition against Banks, then the Court adopts Judge Ball's analysis and finds that res judicata bars them.

In addition, all Defendants are entitled to dismissal of claims related to 2011 because they are time barred. The statute of limitations for a claim under § 1983 is three years. *See James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990). Yet Logan signed the Complaint in this case in

3

December 2020, nearly a decade after the 2011 extradition. Claims related to 2011 are time barred as to Banks and all Defendants.[1]

      B.      2017 Extradition

As to the extradition 2017, Logan asserts civil-rights claims under § 1983, asserting that Defendants denied his right to a pre-extradition hearing. *See* Obj. [37] at 5; *see also* Compl. [1] 11–12. Judge Ball concluded that, under the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to address claims based on the 2017 extradition. *See* R&R [36] at 5 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). He therefore did not go beyond this jurisdictional holding.

Judge Ball's approach was sound, but, to complete the record, the Court notes that Logan's claims would fail even if jurisdiction existed. To begin, it is difficult to tell from Logan's many submissions what exactly he is challenging. For example, he notes that the Mississippi courts rejected his post-extradition show-cause motion challenging his return to Tennessee, but he also says Defendants interfered with his right to a hearing before he was returned to Tennessee. Either way, his claims seem inextricably intertwined with the state-court orders rejecting his argument that he was entitled to a hearing. *Rooker-Feldman* therefore applies for the reasons Judge Ball articulated.

---

[1] "[P]ro se prisoners' filings are governed by the mailbox rule. Thus, they are deemed filed as soon as the pleadings have been deposited into the prison mail system." *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011) (quotation marks omitted) (quoting *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

But even assuming jurisdiction exists for some or all of Logan's claims, Logan faces at least three other dispositive obstacles: (1) he was never entitled to a hearing; (2) his claims are time barred; and (3) as to Banks, he has not stated a claim related to the events in 2017.[2]

1. The Merits

Logan contends that he was entitled to a pre-extradition hearing in 2017, at which he would have challenged the executive agreement between the respective Governors that led to his return to Tennessee. He bases his claim on *Crumley v. Snead*, where the defendant (an Alabama sheriff) delivered Crumley to face charges in Tennessee despite Crumley's pending habeas corpus petition in Alabama challenging the extradition. 620 F.2d at 482. The Fifth Circuit reversed summary judgment for the sheriff, noting, "[T]he right to [a pre-extradition] hearing is one secured by the Constitution and laws of the United States. Any denial of this right gives rise to a cause of action under 42 U.S.C. § 1983." *Id.* at 483 (citing Extradition Clause, U.S. Const. art. IV, § 2, cl. 2). The court premised that holding on the Extradition Clause of the United States Constitution, which states:

> A person *charged* in any State with Treason, Felony or other Crime, *who shall flee* from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. Const. art. IV, § 2, cl. 2 (emphasis added).

---

[2] Under 28 U.S.C. § 1915(A), the Court

> shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if . . . [it] is frivolous, malicious, or fails to state a claim upon which relief may be granted.

5

This case is different because Logan did not stand "charged" with a crime in Tennessee; he was convicted of one. U.S. IV, § 2, cl. 2. That makes Logan's case more like *Good v. Allain*, 823 F.2d 64 (5th Cir. 1987), than *Crumley*. Good was convicted in Mississippi, extradited to Minnesota (where he was again convicted), and later returned to Mississippi. *Id.* at 65–66. "Good then brought this pro se complaint under 42 U.S.C. § 1983, alleging that the executive agreement [between the states' governors] was 'authorized without legal authority' and that he was returned to Mississippi without the opportunity of a hearing." *Id.* at 66. The Fifth Circuit affirmed dismissal, holding, "Since Good had already been convicted and sentenced in Mississippi and makes no challenge to that condition, no constitutional right would be infringed by his return" to Mississippi. *Id.* at 67. The same is true here.

2.  Statute of Limitations

Banks argues that, like the 2011 claims, Logan's 2017 claims are time barred. Def.'s Supp. Mem. [22] at 17–18. His arguments apply equally to the other Defendants, and the Court finds that the 2017 claims should be dismissed on this independent basis.

As noted, a three-year statute of limitations applies to Logan's § 1983 claims. *James*, 909 F.2d at 836. Generally, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (citing *Burrell v. Newsome*, 833 F.2d 416, 418 (5th Cir. 1989)). Here, Logan was aware of his alleged injury—that he was extradited without a hearing—on the date he was extradited, November 23, 2017. Assuming (under the mailbox rule) that he filed suit on December 28, 2020, when he signed the Complaint, the claims are time barred unless Logan establishes a basis for tolling.

6

Logan says that he may bring his claim pursuant to Mississippi's tolling rule. Pl.'s Resp. [25] at 1–2; *cf. Hardin v. Straub*, 490 U.S. 536, 538 (1989) ("[C]ourts . . . should not unravel state limitations rules [from state tolling, revival, and application rules] unless their full application would defeat the goals of the federal statute at issue."). But he does not cite any specific Mississippi statute that would allow tolling in this instance. Instead, he quotes *Jackson v. Johnson*, a Fifth Circuit decision interpreting Texas law. Pl.'s Resp. [25] at 2 (quoting *Jackson*, 950 F.2d 263, 266 (5th Cir. 1992)).

There, the plaintiff brought a § 1983 claim asserting that defendants conspired to present false evidence in his criminal trial. 950 F.2d at 264. When Jackson first sued, the case was dismissed because he had not exhausted his claims in Texas court; after he exhausted those remedies, Jackson again sued under § 1983, but the district court dismissed the case based on the statute of limitations. *Id.* The Fifth Circuit reversed, noting a Texas rule that tolled limitations periods where plaintiffs were prevented from exercising their legal rights due to the pendency of a legal proceeding. *Id.* at 265. The panel held that based on Jackson's habeas petition in state court, "[t]he time during which the litigant is pursuing the available state remedies would toll the [§ 1983] statute of limitations." *Id.* at 265–66.

Mississippi has a similar tolling statute. Mississippi Code section 15-1-57 provides:

> When any person shall be prohibited by law, or restrained or enjoined by the order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter for the commencement of such action.

7

Thus, if Logan was prohibited from pursuing this case, his limitations period would possibly toll. But Logan points to no such prohibitions.[3]

Logan also asserts equitable tolling. Citing his efforts to litigate related claims in other forums, he argues that he has exercised due diligence in preserving his rights. Pl.'s Resp. [25] at 2–3. State tolling law applies under § 1983. *Jackson*, 950 F.2d at 265; *see also Rushing v. Yazoo Cnty. ex rel. Bd. of Supervisors of Yazoo Cnty.*, 861 F. App'x 544, 554–55 (5th Cir. 2021). "Under Mississippi law, '[t]he doctrine of equitable tolling provides that the running of the statute of limitations is suspended when 'a plaintiff's delay in filing [a complaint] is caused by the defendant's misrepresentation.'" *Rushing*, 861 F. App'x at 555 (quoting *Strickland v. S. Panola Sch. Dist.*, 134 So. 3d 367, 369 (Miss. Ct. App. 2013)); *see also Ball v. Hinds Cnty. Dep't of Hum. Servs.*, No. 3:12-CV-756-DPJ-FKB, 2013 WL 228096, at *2 (S.D. Miss. Jan. 22, 2013) ("Under Mississippi law, to justify tolling of the statute of limitations on equitable grounds, a plaintiff must show '[i]nequitable or fraudulent conduct' on the part of the defendant." (quoting *Kimball Glassco Residential Center, Inc. v. Shanks*, 64 So. 3d 941, 948 (Miss. 2011)). Logan knew he had been returned to Tennessee without a hearing when he was

---

[3] A prohibition might exist under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Under *Heck*, a § 1983 claim is normally barred "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Such "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. The Fifth Circuit recently noted, in *Colvin v. LeBlanc*, that *Heck* might apply to a plaintiff who challenged extradition to Louisiana to complete a sentence. 2 F.4th 494, 499–500 (5th Cir. 2021) (remanding to district court with instructions to consider *Heck*). The parties have not addressed *Heck*, and the Court declines to do so *sua sponte*. Regardless, Logan loses either way. Logan's conviction has not been invalidated, so, if *Heck* does apply to his claim, then his claim is *Heck* barred. If, on the other hand, *Heck* does not apply, then Logan has not identified anything that would have prevented him from bringing this suit in the three years after he was returned to Tennessee. Thus, Mississippi's tolling statute would not apply.

returned to Tennessee; he has not identified any misrepresentations that would toll the limitations period.

Ultimately, "[t]he party seeking equitable tolling bears the burden" of demonstrating its appropriateness. *In re Deepwater Horizon*, No. 20-30673, 2021 WL 4888395, at *2–3 (5th Cir. Oct. 19, 2021) (per curiam) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Logan has not met that burden.

### 3. Failure to State a Claim

Banks alternatively argues that any claims related to him for what happened in 2017 must be dismissed under Rule 12(b)(6) for failure to state a claim. To state a claim under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Neither Logan's Complaint nor his objection provides factual allegations plausibly linking Banks to the 2017 extradition; instead, it appears that Logan was in the custody of the Mississippi Department of Corrections—not Leflore County—when he was returned to Tennessee. *See* Compl. [1] at 12.

III. Conclusion

The Court adopts Judge Ball's Report and Recommendation. Defendant's motion to dismiss [21] is granted. Furthermore, the action is dismissed in its entirety for the reasons stated. Plaintiff's motion seeking a restraining order [30] is denied as moot.

A final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of February, 2022.

            s/ *Daniel P. Jordan III*
            CHIEF UNITED STATES DISTRICT JUDGE