UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

COURTNEY R. LOGAN                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 3:21-CV-35-DPJ-FKB

MISSISSIPPI DEPARTMENT OF                                          DEFENDANT
CORRECTIONS, ET AL.

ORDER

Plaintiff Courtney R. Logan brought claims challenging his 2017 extradition from

Mississippi to Tennessee.  Adopting and supplementing the Report and Recommendation [36] of

United States Magistrate Judge F. Keith Ball, this Court dismissed his claims, Order [42], and

Logan now asks the Court to alter the resulting Judgment [43].  Mot. [44].  Because Logan's

arguments cast no doubt on the Court's holding, let alone meet the Rule 59(e) standard for

altering a judgment, his Motion [44] is denied.

I.      Background

        A.      Factual Background

        In 2011, Logan was extradited from Tennessee to Mississippi to stand trial.  Logan

objected to the extradition on a variety of grounds, including the denial of a pre-extradition

hearing.  He also filed § 1983 claims against several Mississippi officials involved with that

extradition, including Sheriff Ricky Banks and Governor Haley Barbour,[1] both defendants in this

suit.  *See Logan v. Banks*, No. 4:13-CV-89-SA-SAA, 2014 WL 5715432, *2 (N.D. Miss. Nov. 5,

---

[1] Governor Barbour entered into an executive agreement with the Governor of Tennessee that
provided for Logan's extradition to Mississippi to stand trial and for his subsequent return to
Tennessee.  *See* Executive Agreement [44-3]; Executive Agreement Signature Page [44-4].
Barbour appointed Banks to receive Logan from Tennessee authorities.  Appointment [44-7].

2014).  Those claims were dismissed because, as the court held, Logan should have sued officials in the *asylum* state (Tennessee), not the *demanding* state (Mississippi).[2]  *Id.*

In October 2016, Logan filed a motion in Mississippi state court praying for extradition to Tennessee.  *Logan v. State* (*Logan I*), 300 So. 3d 1040 (Miss. Ct. App. 2020).  A little over a year later, he was returned to Tennessee, though his motion for extradition remained pending.  Although Logan received the outcome he sought in his motion, he felt further aggrieved.  As such, he filed a "show-cause" motion in Mississippi state court disputing his return to Tennessee because he was not given a pre-extradition hearing.  The state court denied that motion, finding it moot, and the Mississippi Court of Appeals affirmed.  *See Logan v. State* (*Logan II*), 311 So. 3d 724, 726 (Miss. Ct. App. 2021).  Logan then filed this suit.

B.     This Court's Prior Decision

In the present Complaint, Logan accused several Mississippi officials of violating his civil rights when they extradited him to Tennessee without affording him a pre-extradition hearing.  He also, however, appeared to bring claims related to his 2011 extradition to Mississippi.  One defendant, Sheriff Banks, sought dismissal, and Judge Keith Ball concluded that his motion should be granted.  Report and Recommendation [36].  Specifically, Judge Ball recommended dismissing all claims related to Logan's 2011 extradition as barred by res judicata.  *Id.* at 5.  He also recommended dismissing all remaining claims, including claims against non-moving defendants, for lack of jurisdiction under the *Rooker Feldman* doctrine.  *Id.* at 6; *see* 28

---

[2] *Banks* was not Logan's only suit regarding his 2011 extradition.  He also filed a writ of habeas corpus with the Northern District of Mississippi, *Logan v. Mississippi*, No. 4:13-CV-122-GHD-DAS, 2015 WL 576573, at *4 (N.D. Miss. Feb. 11, 2015), and several suits in Tennessee courts, *see Logan v. State*, 2022 WL 289791, at *1 (Tenn. Crim. Ct. App. Feb. 1, 2022) (listing six cases filed in state and federal Tennessee courts in which Logan had "challenged the validity of his extradition from Tennessee to Mississippi").

U.S.C. § 1915A (requiring courts to screen prisoner suits against governmental entities or officers).

This Court adopted Judge Ball's Recommendation in full. It also noted that, even if it *had* jurisdiction, it would dismiss Logan's 2017-related claims for three independent reasons: First, Logan was *not* entitled to a hearing because he had already been convicted and sentenced in Tennessee. Order [42] at 6 (citing *Good v. Allain*, 823 F.2d 64, 66–67 (5th Cir. 1987)). Second, Logan's claims were time barred under the applicable three-year limitations window, and no basis for tolling existed. *Id.* at 3–4, 6–9. Finally, Logan had failed to provide "factual allegations plausibly linking Banks to the 2017 extradition," and, therefore, as to Banks and that extradition, Logan had failed to state a claim. *Id.* at 9.

II.     Standard

Logan seeks relief under Federal Rule of Civil Procedure 54(b). Mot. [44] at 1. But Rule 54(b) applies to motions seeking revision of "any order or other decision . . . at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). When a party asks a court to alter or amend a judgment within 28 days *after* its entry—as Logan did—Rule 59(e) governs. Fed. R. Civ. P. 59(e).

"Granting [a Rule 59(e)] motion is appropriate (1) to correct a manifest error of law or fact, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021) (citing *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). The burden is on the movant to clearly establish a manifest error of law or fact or present newly discovered evidence or intervening caselaw. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). "Reconsideration of a judgment after its entry is an

extraordinary remedy and should be used sparingly."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

III.     Analysis

Logan's motion again clarifies that he was not attempting to bring claims related to his 2011 extradition.  Rather, he says, he was referencing that extradition as it relates to the "authority of the defendants to even be involved in extraditing [Logan] to the State of Tennessee."  Mot. [44] at 2.  As the Court previously noted, Logan made the same clarification in his objections to the Report and Recommendation.  *See* Order [42] at 3.

Logan then offers three arguments for altering the judgment dismissing his 2017-related claims:  First, as he puts it, "only Sheriff Ricky Banks was authorized to have [P]laintiff transferred pursuant to the executive order back to the state of Tennessee," and, so, other Defendants involved in that extradition "lacked all authority to rely upon the executive order."  Mot. [44] at 2.  Second, he says Banks violated the executive agreement by failing to return him to Tennessee immediately after his November 2017 conviction in Mississippi.[3]  Mot. [44] at 4.  Third and finally, Logan suggests that, under Tennessee law, Tennessee "relinquished all jurisdiction and authority" over Logan by extraditing him.  *Id.* at 5.

As Banks correctly contends, Logan's arguments fail to satisfy Rule 59(e) because they were "raised previously or could have been raised in [Logan's] previous filings."  Def.'s Resp. [45] at 2.  A Rule 59(e) motion "is not the proper vehicle for . . . arguments that could have been offered or raised before the entry of judgment."  *Templet*, 367 F.3d at 479 (citing *Simon v.*

---

[3] Though unstated, it appears that Logan had been tried, convicted, and sentenced by November 29, 2012.  *See Logan v. State*, 192 So. 3d 1012, 1017 (Miss. Ct. App. 2015); *see also Logan I*, 300 So. 3d at 1042.

*United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Moreover, none of Logan's arguments address the Court's core holding that jurisdiction is lacking under the *Rooker Feldman* doctrine.

IV.     Conclusion

The Court has considered all presented arguments; those not addressed would not alter this outcome.  Logan's Motion to Reconsider [44] is denied.

**SO ORDERED AND ADJUDGED** this the 13th day of May, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE